# IN THE COURT OF APPEALS OF IOWA

No. 15-1309
Filed April 6, 2016

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**ANTONIO JOSE COOKS,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Muscatine County, Mark J. Smith,

Judge.


       Defendant appeals his convictions for two counts of assault causing bodily

injury.  **AFFIRMED.**



       Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.



       Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Defendant Antonio Cooks appeals his convictions for two counts of assault causing bodily injury. We find the district court did not abuse its discretion in sentencing Cooks to 365 days in jail for each offense, to be served concurrently. We affirm the district court.

The minutes of testimony state on June 22, 2014, at about 1:55 a.m., in the parking lot of a bar in Muscatine, Cooks backed up his van and almost struck Jose Izaguirre. Izaguirre put his foot up and struck the back of the van. Cooks got out of the van and hit Izaguirre in the eye, causing an orbital fracture and vision impairment. Ted Dickey, who was employed by the bar, told Cooks to remain in his vehicle until police officers arrived. Cooks punched Dickey in the face, causing a black eye, and grabbed his testicles. Police officers arrived and arrested Cooks.

Cooks was charged with assault causing serious injury and assault causing bodily injury. On July 17, 2015, Cooks entered a written guilty plea to two counts of assault causing bodily injury, in violation of Iowa Code section 708.2(2) (2013), a serious misdemeanor. The district court accepted Cooks's guilty plea.

A sentencing hearing was held on July 27, 2015. The State requested Cooks receive two one-year sentences, to be served consecutively, due to the nature of the crime and Cooks's long criminal history. Izaguirre testified he still had vision problems as the result of his injury. Dickey testified Cooks was "[c]ompletely out of control" during the incident and he needed to learn "he can't just go around beating on people and get away with it." Cooks asked to be

sentenced to forty-five days in the county jail, with credit for the forty-five days previously served. Cooks stated, "I feel very sorry for the disregarding of both men, mistaking of not knowing what took place."

The court sentenced Cooks to 365 days in jail on each count, to be served concurrently. In determining Cooks's sentence, the court considered his "lengthy criminal record with serious convictions, one being robbery." The court also stated, "this was a vicious assault for no reason other than the fact that you appear to have taken offense at the fact that the victim in this case put his foot on your vehicle."

Cooks appeals, claiming the district court abused its discretion in sentencing him to serve time in jail.[1] He states he admitted his guilt and expressed remorse over his actions. Cooks also states he had employment waiting for him. He asks to have his sentence vacated and the case remanded for resentencing.

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

We conclude the district court did not abuse its discretion in sentencing Cooks to serve 365 days in jail for each offense, to be served concurrently. As

---

[1] The State's brief includes a discussion of an issue which is not raised in Cooks's appellate brief. We do not address this issue.

the court noted, Cooks had a lengthy criminal history, which included convictions for burglary, robbery, disorderly conduct, and resisting an officer.  The court also considered the nature of the crime, stating, "this was a vicious assault."  Izaguirre testified he still had vision problems as a result of the injury he sustained when Cooks punched him in the eye.

We affirm the decision of the district court.

**AFFIRMED.**